**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**FILED**
JAMES J. WALDRON, CLERK

January 24, 2014

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: /s/Nelson DosSantos, Deputy

IN RE:                                    :        CHAPTER 13
                                          :
Peter Williams and Carmen J. Williams,    :
                                          :
                                          :        CASE NO.:    09-42400  (NLW)
                    Debtor.               :
                                          :        **OPINION**

**Before:**      **HON. NOVALYN L. WINFIELD**

**A P P E A R A N C E S :**

John F. Bracaglia, Jr., Esq.
Mauro, Savo, Camerino, Grant & Schalk, P.A.
77 North Bridge Street
Somerville, NJ 08876
Attorneys for Debtor

Brian M. Knapp, Esq.
Marie-Ann Greenberg, Chapter 13 Standing Trustee
30 Two Bridges Road
Suite 330
Fairfield, NJ 07004
Attorney for Chapter 13 Trustee

The matter before the court is the Chapter 13 Trustee's objection to the Debtors' motion to modify their Chapter 13 plan. The Debtors propose to pay-off their plan prior to the conclusion of the 60-month applicable commitment period to which they are subject as above-median income debtors. The court agrees with the Chapter 13 Trustee that § 1325(b)(4)(B) applies to a modified plan and that the Debtors may only shorten the applicable commitment period if the Debtors' plan provides for full payment of allowed unsecured creditor claims. Because the Debtors' modified plan does not provide for full payment, the Court denies the Debtors' request to modify the Chapter 13 plan.

## JURISDICTION

The court has jurisdiction to decide this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on September 18, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L). The following constitutes the court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

## STATEMENT OF FACTS

Peter Williams and Carmen Williams (collectively, the "Debtors") filed a Chapter 13 petition on December 1, 2009 (the "Petition Date"). The Debtors' monthly income is classified as above the median, and, therefore, the Debtors were required to commit to a 60-month plan in accordance with § 1325(b)(4)(A)(ii). The Debtors plan was confirmed by an order entered on February 16, 2010, under which the Debtors were required to pay $59,650.00 into the plan—

$650.00 for the first month and then $1,000 for the remaining 59 months.[1] The Debtors have tendered payment as required by the plan.

In June of 2013 during the 42nd month of the plan, the Debtors approached the Trustee to obtain a pay-off amount for their plan. According to Debtors' counsel, Mrs. Williams had become eligible for a pension loan, and the Debtors wished to borrow against her pension to pay off their plan. The Trustee apparently advised the Debtors that they could not pay off the plan early and, instead, were required to remain in Chapter 13 for the full 60 months. Disagreeing with the Trustee, the Debtors filed a modified plan proposing a pay-off of the plan on or before July 31, 2013.

## DISCUSSION

The Debtors contend that the Chapter 13 Trustee fails to appreciate the difference between the requirements of Bankruptcy Code § 1325 and § 1329. In particular, the Debtors argue that the Chapter 13 Trustee is mistaken in her position that a plan modified under Bankruptcy Code § 1329 must comply with the requirements of § 1325(b), which requires, *inter alia*, an applicable commitment period of three to five years, depending on whether the debtors are above the median family income of the applicable state. The Debtors point out that Bankruptcy Code § 1329(b)(1) specifically incorporates §§ 1322(a), 1322(b), 1322(c) and 1325(a), but omits any reference to § 1325(b). The Debtors urge the court to find this omission dispositive, citing to *In re Tibbs*, where the court stated "If Congress intended to incorporate § 1325(b) into § 1329(b)(1), it would have done so explicitly." 478 B.R. 458, 464 (Bankr. S.D. Fla. 2012).

---

[1] The Debtors' plan also provided for avoiding and reclassifying as unsecured the $178,982 second mortgage on their home. With the second mortgage being treated as unsecured, the total unsecured claims amount to $251,591.41.

The Chapter 13 Trustee's response is twofold. First, the trustee points out that all nine requirements for confirmation set out in § 1325(a) are subject to its opening sentence, which states "**Except as provided in subsection (b)**, the court shall confirm a plan if ____" 11 U.S.C. § 1325(a)(emphasis added) The Trustee posits that effect of this opening sentence is to make confirmation under § 1325(a) dependent upon compliance with § 1325(b) if the trustee or creditor objects. Second, the Chapter 13 Trustee contends that § 1325(b)(4) imposes a fixed durational period for a plan, during which the Chapter 13 debtors must pay all of their projected disposable income to their creditors.[2] The trustee submits that consistent with § 1325(b)(4)(B), as above median debtors, the Williams may only shorten the duration of their plan if they pay all allowed unsecured claims in full. The Trustee also observes that the majority of appellate courts have found that § 1325(b)(4) imposes a durational requirement for the applicable commitment period. *See Baud v. Carroll*, 634 F.3d 327, 336-38 (6th Cir. 2011); *Whaley v. Tennyson (In re Tennyson)*, 611 F.3d 873, 877-78 (11th Cir. 2010); *Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652, 660 (8th Cir. 2008); *Timothy v. Anderson (In re Timothy)*, 442 B.R. 28, 37 (B.A.P. 10th Cir. 2010); *Fridley v. Forsythe (In re Fridley)*, 380 B.R. 538, 543 (B.A.P. 9th Cir. 2007). The Chapter 13 Trustee urges the court to find this line of cases persuasive and to also find that a plan modified under § 1329 must comply with § 1325(b).

### 1. Applicable Commitment Period

Prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), § 1325(b)(1) required that if the Chapter 13 Trustee or the holder of an allowed unsecured claim objected to confirmation, the debtor's plan could be confirmed only if it

---

[2] In contrast, some view the applicable commitment period as imposing a monetary requirement, under which the applicable commitment period is treated as a multiplier and applied to a debtor's projected disposable income to arrive at a total amount to be paid through a plan. *See In re Lopatka*, 400 B.R. 433, 436-40 (Bankr. M.D. Pa. 2009)

either provided for full payment of allowed unsecured claims, or if "all of the debtor's projected disposable income to be received in the three year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan." 11 U.S.C. § 1325(b)(1)(2004).

BAPCPA made several changes to the Bankruptcy Code. A notable change made by BAPCPA to confirmation requirements in § 1325 was the inclusion of the term "applicable commitment period" to replace the three-year repayment period previously set forth in 11 U.S.C. § 1325(b)(1). Under BAPCPA § 1325(b)(1) now reads as follows:

> If the trustee or holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the *applicable commitment period* beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1) (emphasis added)(2006). Additionally, under BAPCPA Section 1325(b)(4) now describes the required length of the "applicable commitment period." Specifically, if a debtor's annualized current monthly income is *below* the median family income for the applicable State, the plan must be 3 years in duration. 11 U.S.C. § 1325(b)(4)(A)(i). If, however, the debtor's annualized current monthly income is *above* the median family income for the applicable State, the plan must be 5 years in duration. 11 U.S.C. § 1325(b)(4)(A)(ii). Further, under § 1325(b)(4)(B), if the trustee or the holder of an allowed unsecured claim objects, a plan may be shorter than the mandated 3 or 5 year applicable

5

commitment period only if the debtor proposes full payment to all allowed unsecured claims. 11 U.S.C. § 1325(b)(4)(B).

Courts are divided as to whether the applicable commitment period is a durational requirement or simply a monetary requirement that calls for debtors to pay into their plans the equivalent of their estimated disposable income multiplied by the number of months in the applicable commitment period. Courts have utilized the terms "temporal" and "multiplier" to describe these differing interpretations of the applicable commitment period.

Courts that employ the multiplier approach grant confirmation of plans that are shorter than the applicable commitment periods stated in § 1325(b) so long as the amount paid into the plan is equal to the projected disposable income multiplied by the number of months in the applicable commitment period. *In re Filion*, 452 B.R. 329, 332 at ftn. 19 (Bankr. D. Mass. 2011)(collecting cases). Courts that adhere to the view that the applicable commitment period is a temporal requirement permit confirmation of plans by debtors with positive disposable income only if all of the projected disposable income is committed to the plan for a duration equal to the applicable commitment periods set forth in § 1325(b). *Id.*, at ftn. 20 (collecting cases).

These different interpretations regarding the proper construction of the term 'applicable commitment period' demonstrate that the language of § 1325(b) is not entirely clear. The court observed in *In re Slusher* that "Although apparently straightforward, as with much of BAPCPA, the text Congress used plausibly lends itself to at least two different interpretations of what exactly 'applicable commitment period' means." 359 B.R. 290, 300 (Bankr. D. Nev. 2007). To discern legislative intent, the Supreme Court has instructed that the starting point is the existing statutory text and not the predecessor statutes. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) citing *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999); *Blum v. Stenson*, 465 U.S. 886, 896 (1994) ("Where as here, the resolution of a question of federal law turns on a statute

and the intention of Congress, we look first to the statutory language and then to the legislative history if the statute is unclear.").

This court is persuaded by the Eleventh Circuit's application of the traditional standards of statutory construction to arrive at its determination that "the 'applicable commitment period' is a temporal term that prescribes the minimum duration of a debtor's Chapter 13 bankruptcy plan." *Whaley v. Tennyson (In re Tennyson)*, 611 F.3d 873, 880.

To reach this conclusion the Eleventh Circuit analyzed the text of the statute as follows:

> …we first look at the term "applicable commitment period" and note that "applicable" and "commitment" are modifiers of the noun, the core substance of the term, "period." The plain meaning of "period" denotes a period of time or duration. Merriam Webster's Collegiate Dictionary 864 (10th ed. 1996). "Applicable commitment period" at its simplest is a term that relates to a certain duration, and based on its presence in § 1325, it is a duration relevant to Chapter 13 bankruptcy. The modifier "commitment" then reveals that "applicable commitment period" is a duration to which the debtor is obligated to serve. *See* Merriam Webster's Collegiate Dictionary 231 (10th ed.1996). Finally, the meaning of "applicable" reflects the fact that there are alternate "commitment periods" depending on the debtor's classification as an above median debtor or a below median income debtor.

*Tennyson*, at 877.

The court also pointed out that § 1325(b)(4) states that the applicable commitment period for an above median debtor "shall be" five years, and noted that the word "shall" is ordinarily the language of command. *Id*. (citing *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001).

Equally important, the court examined the use of the term applicable commitment period in both § 1325(b)(1) and § 1325(b)(4)(B) and found that:

> … if we were to interpret "applicable commitment period" as Tennyson advocates, as a multiplier that exists only for § 1325(b)(1), then § 1325(b)(4)(B) would be rendered meaningless and superfluous. Section 1325(b)(1)(A) already provides that neither the trustee not the unsecured creditors may object to the

7

>bankruptcy plan if unsecured claims are paid in full. Thus, § 1325(b)(4)(B)'s explicit allowance for a shorter "applicable commitment period," when unsecured claims are paid in full, is only necessary if the "applicable commitment period" has a function independent of § 1325(b)(1). This explicit exception is further evidence that Congress intended the "applicable commitment period" to be a temporal requirement independent of § 1325(b)(1).

*Id.*, at 878.

This Court also is guided by *Tennyson's* determination that BAPCPA's legislative history requires a finding that the applicable commitment period is a durational requirement. *Tennyson* first examined the House Report discussing the purpose of the BAPCPA amendments and noted that the House Report states that "the heart of [BAPCPA's] consumer bankruptcy reforms... is intended to ensure that debtors repay creditors the maximum they can afford." H.R. Rep. 109–31(I), p. 2, 2005 U.S.C.C.A.N. 88, 89. *Id*. at 879. The court also observed that with reference to BAPCPA's amendment to §§ 1322 and 1325(b), the report further states:

>Sec. 318. Chapter 13 Plans To Have 5-Year Duration in Certain Cases. Paragraph (1) of section 318 of the Act amended Bankruptcy Code sections 1322(d) and 1325(b) to specify that a chapter 13 plan may not provide for payments over a period that is not less than five years if the current monthly income of the debtor and the debtor's spouse combined exceeds certain monetary thresholds. If the current monthly income of the debtor and the debtor's spouse fall below these thresholds, then the duration of the plan may not be longer than three years, unless the court, for cause, approves a longer period of up to five years. The applicable commitment period may be less if the plan provides for payment in full of all allowed unsecured claims over a shorter period. Section 318(2), (3) and (4) make conforming amendments to sections 1325(b) and 1329(c) of the Bankruptcy Code.

H.R. Rep. 109-31(I), p. 79, 2005 U.S.C.C.A.N. 88, 146. *Id*. *Tennyson's* analysis of both the text of the statute and the available legislative history convinces this court that the "applicable commitment period" defined in § 1325(b)(4) is a temporal requirement.

8

**2. Interplay Between §§ 1329 and 1325**

This Court also must address the Debtors' contention that an early pay-off of their plan is permitted because *modification* of a confirmed Chapter 13 plan is governed by § 1329, which they read as not incorporating § 1325(b). Because the term applicable commitment period is defined with specificity in § 1325(b)(4), and under § 1325 (b)(1) the debtor is required to commit all of her projected disposable income received in the applicable commitment period to making plan payments if a trustee or holder of an allowed secured claim objects, this court is skeptical of the position taken by some courts that modification of a plan under § 1329 does not require compliance with § 1325(b). Moreover, eliminating the need for compliance with § 1329(b) when plan modification is sought appears to be at odds with Congress' purpose in enacting BAPCPA. In this court's view, it is a strained reading of the statute to impose fewer requirements for approval of a modified plan than for confirmation of the initial plan.

Relevant to the matter before the court, Section 1329 states:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to …
>
> (2) extend or reduce the time for such payments …
>
> (b)(1) Section 1322(a), 1322(b) and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this title.

11 U.S.C. § 1329.

Because of the omission of § 1325(b) from § 1329(b)(1), courts disagree over whether § 1329 incorporates the applicable commitment period defined in § 1325(b).[3] The Debtors in the

---

[3] Interestingly, the disagreement as to whether 1329(b)(1), by its omission of a specific reference to 1325(b), exempts modifications from compliance with § 1325(b) predates BAPCPA. See, *In re Nahat*, 315 B.R. 368, 377 ftn. 15 (Bankr. N.D. Tex. 2004)(identifying the split of authority); *In re Ireland*, 366 B.R. 27, 32-33 (Bankr. D. Ark. 2007)(collecting cases both pre and post BAPCPA).

case before this court rely principally on *In re Davis*, 439 B.R. 863 (Bankr. N.D. Ill. 2010) and *In re Tibbs*, 478 B.R. 458 (Bankr. S.D. Fla. 2012) for their position that the applicable commitment period is not a factor for approval of plan modification.

In *Davis*, an above-median debtor sought to modify her confirmed plan to reduce her monthly payments because she had separated from her husband and lost her job. The Debtor moved to modify her plan to not only reduce the amount of her monthly payments, but also to shorten the duration of the plan. Over the trustee's objection, the court approved the modification reasoning that § 1325(b) applies only to plan confirmation. *Id*. at 866. The court determined that Congress clearly intended to exclude § 1325(b) from § 1329 because § 1329(b)(1) explicitly references four other Code sections but does not include § 1325(b). *Id*. The court in Davis reasoned "[b]y specifying only these four provisions, § 1329(b) implicitly excludes other provisions under the maxim 'expression unius est exclusion alterius.'" *Id*. Davis also found it significant that § 1329(b)(1) states that § 1322(a), § 1322(b) and 1323(c) of this title *and the requirements of § 1325(a)* apply to any modification." *Id*. at 867. (emphasis added). *Davis* concluded that this difference in reference to the Code sections is significant. Davis found that the requirements of § 1325(a) are contained only in subparagraph (a) through (9), and that:

> …§ 1325(b) is not a "requirement." Rather than a prerequisite for confirmation, § 1325(b) is an exception to the confirmation that § 1325(a) otherwise mandates. Section 1325(a) states that courts must confirm a plan that meets its nine requirements; § 1325(a) has the potential for preventing that result. Nothing in § 1325(b) is required for confirmation.

*Id*.

Relying on the reasons articulated in *Davis*, the court in *In re Tibbs* permitted above-median income debtors to modify their confirmed plan so as to complete their plan in less than sixty months. In that case the court agreed that:

10

> § 1329 does not incorporate § 1325(b) and thus a Chapter 13 plan may be modified so that it has a term shorter than the applicable commitment period, so long as the plan as modified satisfies the other requirements of § 1329 including the specifically incorporated provisions of § 1322(a), § 1329(b), § 1323(c) and the requirement of § 1325(a).

478 B.R. at 461. The court further stated that "if Congress intended to incorporate § 1325(b) into § 1329(b)(1), it certainly knew how to do so" and would have "done so explicitly." *Id*. at 464-465.

This court is not persuaded by the reasoning set forth in *Davis* and *Tibbs* and, instead, relies on the analysis provided in *In re King*, 439 B.R. 129 (Bankr. S.D. Ill. 2010) and similar cases. In *King*, the debtors also sought to modify their confirmed Chapter 13 plan to reduce the plan's duration without paying unsecured creditors in full. The court first reiterated its holding in *In re Nance*, 371 B.R. 358, 369 (Bankr. S.D. Ill. 2010) that the applicable commitment is a temporal concept that sets the minimum duration of a debtor's Chapter 13 plan. It then examined the language employed in § 1329.

First, *King* determined that while § 1325(b) is not included among the statutory sections referenced in § 1329(b)(1), this fact should not be construed to exclude the application of § 1325(b) to modification of a plan. The court pointed out that § 1325(a) is referenced in § 1329(b)(1) and that "the first clause of § 1325(a) states that the court shall confirm a plan *'[e]xcept as provided in subsection (b).'*" *Id*. Applying the principal of statutory construction that when possible, effect must be given to every word of a statute, *King* determined that the first clause of § 1325(a) "is integrally related to the requirements of § 1325(a) itself and, therefore, the Court must give it meaning. Section 1325(a) unequivocally states that its provisions are subject to the restrictions of § 1325(b)." *Id*. This court agrees with *King* that such a reading of

11

the statute gives effect to every word and also permits a harmonious reading of §§ 1325 and 1329.

The court recognizes the point made by *Tibbs* that Congress could have explicitly and clearly incorporated the requirements of § 1325(b) in § 1329. But, many parts of BAPCPA are inelegantly phrased and lack the clarity courts and practitioners would like. The Court's task then is to employ the tools of statutory construction that give effect to the words of the statute that permit a reading of the particular section that is consistent with the statute as a whole and that meets the purpose of Congress. Reading § 1329(b) as incorporating 1325(b) gives full effect to every part of 1325(a) which § 1329 does explicitly reference. To do otherwise renders the prefatory language in § 1325(a), as surplusage, which is contrary to accepted statutory construction. *See, Kawaahau v. Geiger*, 523 U.S. 57, 62 (1998) ("[W]e are hesitant to adapt an interpretation of a congressional enactment which renders superfluous another portion of that law" (internal quotation marks omitted)). Second, reading § 1325(a) as included in § 1329 makes the applicable commitment period apply to a modification of a plan – a result most consistent with one of the expressed purposes of BAPCPA. *See In re Frederickson*, 545 F.3d 652, 657 (A purpose of BAPCPA is to ensure that debtors pay their creditors the maximum they can afford); *King*, 439 B.R. at 135 ("There would be little point in requiring an above-median income debtor to propose a five-year plan for purposes of confirmation if that same debtor could turn around and modify their plan for a lesser term").

Equally compelling is that construing § 1329 to incorporate § 1325(b) gives full effect to § 521(f), which was amended by BAPCPA to require debtors to submit annual tax returns if that request is made by an interested party. The court in *Heidiker* explained that § 521(f)

> … allows interested parties to determine whether a debtor's financial circumstances have changed for the better. If so, the interested party can seek to modify the debtor's plan.

12

> If Section 1325(b) does not apply to modifications, the debtor can prevent interested parties from exercising those rights by simply "paying off" the plan early. (citation omitted)
>
> … As one court observed, that "'result would be of particular benefit to wealthy debtors who might have exempt reserves, such as IRAs, from which to fund immediate completion of a chapter 13 plan upon confirmation with no regard to future increases in income.'"

455 B.R. 263, 271 (Bankr. M.D. Fla. 2011) (quoting *In re Slusher*, 359 B.R. 290, 305 (Bankr. D. Nev. 2007).

Nor does interpreting § 1329 to incorporate § 1325(b) render § 1329(a)(2) superfluous. The argument was made to the court in *In re Buck* that it should not understand § 1329 to incorporate § 1325(b) because under such a reading of the statute an above median income debtor cannot use § 1129(a)(2) to reduce the time for making plan payments, thus making § 1329(a)(2) superfluous.[4]  443 B.R. 463, 469-70 (Bankr. N.D. Ga. 2010). While this may be so, the court in *Buck* observed that § 1129(a)(2) nonetheless still has utility for many below-median income debtors who propose plans that exceed their thirty-six month applicable commitment period and then seek to either further extend or reduce the plan duration, and stated that "[a] statute is not superfluous based on its inapplicability to one subset of debtors." *Id*. at 470. *Accord*, *Heideker*, 455 B.R. at 270; *In re Cormier*, 478 B.R. 88, 96 (Bankr. D. Mass. 2012)

## **CONCLUSION**

The court finds that the most natural reading of the term applicable commitment period results in the conclusion that it is a durational requirement rather than a multiplier. Additionally, because § 1325(b) is applicable to plan modification under § 1329, the five-year applicable commitment period in § 1325(b)(4) affects the Debtors' ability to modify their plan under

---

[4] § 1329(a)(2) provides that a plan may be modified to "extend or reduce" plan payments. 11 U.S.C. § 1329(a)(2).

13

1329(a)(2), and that as above-median income debtors, the debtors cannot modify their plan to reduce its duration to less than five years.

Dated:   January 24, 2014                    ____/S/_____
                                                          NOVALYN L. WINFIELD
                                                          United States Bankruptcy Judge